UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM Z. JUDISKY,

              Plaintiff,

-against-

METRO-NORTH COMMUTER RAILROAD,

              Defendant.
------------------------------------------------------------X

07 CIV. 4153

07 Civ.
ECF CASE

**COMPLAINT**

ROBINSON

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Cahill & Goetsch & Maurer P.C., complains of the Defendant and alleges:

FIRST: This action is brought under the Federal Employers' Liability Act (45 U.S.C. Sec. 51 et seq.).

SECOND: The Defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

THIRD: That prior to August 29, 2006, and at all times hereinafter mentioned, the Defendant employed the Plaintiff as a Vehicle A Operator at its Poughkeepsie, New York train station, under its direction, supervision and control and in furtherance of Defendant's business in interstate commerce.

FOURTH: That prior to August 29, 2006, and at all times hereinafter mentioned, the Defendant maintained, operated and controlled a line of railroad trackage known as the Hudson Division Line, which contained Defendant's stations, tracks, rails, rights of way, switches,

signals, towers, sidings, roadbeds and appurtenances thereto, over, through and upon which the Defendant operated engines, trains and cars under its control and direction.

FIFTH: That on or about August 29, 2006, while the Plaintiff, an employee of the Defendant, was leaving his headquarters at the Poughkeepsie, New York train station, and was descending a ramp leading from track #2 at the north end of the platform, defendant, its agents, servants and employees violated the provisions of the Federal Employers' Liability Act by negligently and carelessly conducting themselves toward the Plaintiff: in failing to provide Plaintiff with a reasonably safe place to work; in failing to provide proper supervision; in creating and maintaining a dangerous and defective slipping hazard, to wit: the steel grating on the ramp leading from the track #2 platform was installed incorrectly; in failing to provide a reasonably safe means of ingress and egress; and, in failing and neglecting to enact and enforce safety, operating, inspection and maintenance rules, regulations, procedures, and practices for activities carried out by its personnel at the said place which would have prevented plaintiff's injury, and that all of the foregoing brought about severe, disabling and permanent injuries to the Plaintiff.

SIXTH: That the said injuries occurred while the Plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

SEVENTH: That the Plaintiff was damaged thereby in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Croton-on-Hudson, New York
      May 25, 2007

CAHILL, GOETSCH & MAURER, P.C.
Attorneys for Plaintiff
1 Croton Point Avenue
Croton-on-Hudson, NY 10520
(914) 271-9474

By: _____ # IM0337
    Ira M. Maurer, Esq.